# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DEANGELO JONES (B23005), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 2961 |
| v. ) | |
| ) | Hon. Joan B. Gottschall |
| KONRAD M. BORUTA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Deangelo Jones, an inmate at the Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Correctional Officer Konrad Boruta assaulted him twice and that Lieutenant Martin failed to take corrective action after Plaintiff complained to him about Boruta. Plaintiff also alleges that he was not allowed to read a written statement or call witnesses during a hearing before the adjustment committee that related to Defendant Boruta. Presently before the Court is Defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

## FACTS

Plaintiff is presently an inmate at the Menard Correctional Center. Defendants, Konrad Boruta, Lieutenant Martin, and Lieutenant Johnnie Franklin, are correctional officers at Stateville Correctional Center.

The plaintiff alleges the following facts, which will be assumed true for purposes of the motion to dismiss:

On September 2, 2008, at which time Plaintiff was an inmate at Stateville, Boruta pushed Plaintiff in the chest multiple times after Plaintiff complained about Boruta's "misconduct" and use of profanity toward Plaintiff and other inmates. On February 17, 2009, Boruta intentionally bumped his chest into Plaintiff's back while Plaintiff was walking, causing Plaintiff to stumble. Based on a false report by Boruta regarding this second incident, Plaintiff was placed in segregation. Plaintiff informed Sergeant Maze about the bump and he informed Boruta's supervisor, Lieutenant Martin. After Plaintiff spoke with Martin, Martin told Plaintiff to "write a grievance like you did last time, I'm not doing nothing." Martin failed to take any corrective action.

On March 3, 2009, Plaintiff went before the adjustment committee regarding the February 17th incident with Boruta. According to Plaintiff, the hearing was held in violation of Illinois Department of Corrections rules because it was not held within 14 days. Lieutenant Franklin chaired the adjustment committee. Plaintiff handed Franklin a written statement and Franklin told him to admit to the violation and he would "go easy on him." Plaintiff denied any wrongdoing. Plaintiff asked Franklin to call his witnesses and Franklin told Plaintiff he might call a couple of the witnesses. Plaintiff alleges that his witnesses were not called to testify. Plaintiff was found guilty and when he asked Franklin why he was found guilty, Franklin responded "cause I can, all you had to do is plead guilty, so what if you didn't do it. Plead guilty and I go easy on you, you wanna give a written statement, I don't [accept] those." Plaintiff told Franklin about the February 17th incident and Martin's comment to him. Franklin responded, "You know you don't write grievances on Lts. that's a no-no." Franklin also told Plaintiff to stop writing grievances because he would make sure that Plaintiff was before him again.

Based on the guilty finding, Plaintiff was given two months in segregation, two months of C-grade status, two months of commissary restrictions, and two months of contact visitation restriction. Plaintiff filed a grievance which was denied by Stateville but the Administrative Review Board expunged the disciplinary report following Plaintiff's appeal.

## DISCUSSION

Plaintiff alleges that the Defendants' conduct–Boruta's false disciplinary report, Martin's refusal to take corrective action as to Boruta's conduct, and Franklin's actions during the disciplinary hearing and threats regarding future grievances–were all done in retaliation for his previous grievances. He also alleges that he was denied due process of law during his disciplinary hearing. Defendants argue, in part, that Plaintiff failed to state a claim against Boruta for the alleged two incidents of harassment. In response, Plaintiff states that he is not trying to raise a claim regarding the alleged harassment. Plaintiff also withdraws his request for injunctive relief since he is no longer housed at Stateville. Accordingly, the Court will only address Plaintiff's retaliation and due process claims.

### I. Retaliation Claims

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff has sufficiently pled a retaliation claim against each Defendant.

Plaintiff alleges that each Defendants' conduct was a result of the grievances that he previously filed. It is well settled that inmates have a First Amendment right to use the prison

4

grievance system. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). It is equally well established that an act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g., Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541. Furthermore, Plaintiff's allegations regarding the Defendants' comments regarding his previous grievances sufficiently allege a casual connection between the filing of grievances and the Defendants' conduct. At this stage of the proceedings, Plaintiff has sufficiently plead retaliation claims against the Defendants.

## II. Due Process Claim

Procedural protections of the Due Process Clause are only triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972). Placement in disciplinary segregation does not implicate a liberty interest unless it poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

Here, Plaintiff specifically pleads that he was in disciplinary segregation for two months, his grade was decreased, he had commissary restrictions, and he had contact visitation restriction for two months. These allegations do not constitute an "atypical and significant hardship" in relation to Plaintiff's ordinary incidents of prison life, *see Sandin*, 515 U.S. at 486 (30 days in segregation in conditions that mirrored conditions for inmates in administrative segregation and protective custody); *Lekas*, 405 F.3d at 612 (90 days in segregation during which prisoner was

5

unable to participate in prison programs, lost wages, denied visitation, telephone and commissary privileges). Furthermore, courts in this district have consistently held that confinement in disciplinary segregation in an Illinois prison, including Stateville, under conditions prescribed by the Illinois Department of Corrections regulations, do not constitute an atypical and significant deprivation in relation to ordinary prison life. *See, e.g., Lekas*, 405 F.3d at 610; *Thomas v. Ramos*, 71 F.3d 754, 761-62 (7th Cir. 1997); *Davis v. Babish*, 06 C 4638, 2007 WL 2088798, at * 3 (N.D. Ill. July 20, 2007 (Kendall, J.); *Birch v. Jones*, 02 C 2094, 2003 WL 21210107, at * 5 (N.D. Ill. May 21, 2003) (Manning, J.). Thus, given that Plaintiff's penalty was not an atypical and significant hardship, he fails to state a due process claim.

In addition, Plaintiff specifically alleges that the Administrative Review Board eventually expunged the disciplinary report. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991); *see also Birch*, 2003 WL 21210107, at * 4 (no due process violation with respect to claim related to expunged disciplinary conviction).

Plaintiff's allegation that the department rule was violated because he did not receive a hearing within 14 days of the offense also does not constitute a violation of his right to due process because procedures set forth in administrative regulations do not create substantive liberty interests; therefore, the procedural protections of due process do not attach. Violations of administrative regulations do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right);

*Stringer v. Lane*, 89 C 7030, 1992 WL 59101, at * 8 (N.D. Ill. March 16, 1992) (Alesia, J.) (violation of department rule requiring hearing on disciplinary charge within 8 days is not actionable under Section 1983).

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted as to his due process claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the amended complaint for failure to state a claim [26] is granted in part and denied in part. Plaintiff may proceed on his retaliation claims against the Defendants. Plaintiff's due process claim is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: May 31, 2011

Joan B. Gottschall
United States District Court Judge